UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ X

**IN RE YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

3:09-md-02100-DRH-PMF

MDL No. 2100

------------------------------------------------------------

*Milligan et al v. Bayer Pharmaceuticals Corporation et al.* No. 3:12-cv-10699-DRH-PMF[1]

### ORDER GRANTING MOTION TO DISMISS UNDER CMO 79

**HERNDON, District Judge:**

#### BACKGROUND

This matter is before the Court on the pending motion to dismiss with prejudice for failure to comply with Section III CMO 79 as to plaintiff Jamie Milligan (Doc. 14). Plaintiff responded in opposition (Doc. 15). Plaintiff does not contest that she is not in compliance with Section III of CMO 79. Instead, she argues that Section III of CMO 79 never applied to her because her case was subject to only Section II of CMO 79. On February 1, 2016, Bayer filed a reply in opposition setting forth the reasons plaintiff's case was subject to the requirements of Section III of CMO 79 (Doc. 17).

---

[1] This order applies to plaintiff Jamie Milligan only.

On May 17, 2016, plaintiff's counsel filed a motion to withdraw as her attorney of record (Doc. 21). The Court granted the motion to withdraw on May 31, 2016 (Doc. 22). In the order granting leave to withdraw, the Court provided the plaintiff with the following extensions and warnings:

(1) Plaintiff was directed that she or her new counsel must file a supplementary entry of appearance on or before June 21, 2016. The Court warned plaintiff that failure to comply with this directive could result in dismissal for failure to prosecute.

(2) The Court reminded plaintiff that a motion to dismiss with prejudice was pending. The Court allowed plaintiff or her new counsel an extension, until Monday, June 27, 2016, to file any additional briefing in relation to the pending motion. Further, the Court stated it would refrain on ruling on the pending motion until June 28, 2016, and reminded the plaintiff that the pending motion could result in her action being dismissed with prejudice.

To date, the plaintiff has not entered a supplementary entry of appearance or filed any other briefing in relation to the pending motion to dismiss.

## DISCUSSION

### A. Case Management Order Number 79

In August 2015, Bayer and a committee of plaintiffs' counsel appointed by this Court in cooperation with the state court judges in the Pennsylvania, New Jersey and California coordinated proceedings negotiated a settlement agreement

to resolve claims involving alleged arterial thromboembolism ("ATE") injuries. On August 3, 2016, the Court entered Case Management Order 76 ("CMO 76"), the ATE Settlement Implementation Order (MDL 2100 Doc. 3786).

That same day, the Court entered CMO 79, the Non-ATE Case Resolution CMO. CMO 79 applies to cases, including the above captioned case, that are not eligible to participate in the ATE settlement. CMO 79 creates two separate tracks for cases subject to its provisions: (1) settlement negotiations on a fixed schedule under Section II of the CMO for venous thromboembolism ("VTE") cases in which *both* parties agree that further negotiations would be productive, and (2) retention and discovery obligations under Section III of the CMO for all other cases, i.e., VTE cases in which there is not an agreement that further negotiations would be productive and cases alleging injuries other than a VTE or an ATE.

Under Section II of CMO 79, any plaintiff "who believes additional efforts to settle a particular VTE case may be productive" had 60 days to notify Bayer, after which Bayer had 30 days "to respond with its view about whether additional settlement efforts would be productive." CMO 79 ¶ II.2. Section II's further requirements regarding negotiations apply only in a "case in which the parties *both agree* that additional settlement efforts would be productive." *Id.* ¶ II.3 (emphasis added).

If the parties are not in agreement, then the case is subject to the requirements of Section III of CMO 79. Pursuant to Section III.2 of CMO 79, Bayer had 50 days to identify cases it believed were subject to the requirements of

Section III of the CMO. Section III.2 also instructed any plaintiffs who believe they should not have to comply with Section III to meet and confer with defendants and, if unable to reach an agreement, submit disputes to the Special Master within 21 days. Sections III.3 and III.4 of CMO 79 then gave plaintiffs 120 days from the date of the order—i.e., until December 1, 2015—to comply with certain substantive requirements, such as sending preservation notices and producing certain documents and limited expert reports. Section III.5 of CMO 79 provides that plaintiffs who do not comply with their obligations under Section III of the CMO will be subject to a motion to dismiss with prejudice.

### B. Application in the Instant Case

In the instant case, Bayer filed a motion to dismiss with prejudice, in accord with Paragraph III of CMO 79 on December 15, 2015. The motion contends (1) this case was identified as a case subject to the requirements of Section III; (2) the plaintiff did not dispute this classification; and (3) the plaintiff failed to comply with the retention and discovery obligations of Paragraph III.

The plaintiff does not contest that she is not in compliance with Paragraph III of CMO 79. Instead, she contends that Paragraph III of CMO 79 never applied to her. Plaintiff's argument is premised on a misinterpretation of CMO 79. As previously noted, Section II's further requirements regarding negotiations apply only in a "case in which the parties *both agree* that additional settlement efforts would be productive." CMO 79 ¶ II.3 (emphasis added). In the instant case, Bayer did not agree (Doc. 17-1). Accordingly, the case was subject to the requirements of

Section III of CMO 79. Additionally, the plaintiff received notification regarding her cases Section III classification but failed to take any action with regard to this notice (Doc. 17-2).

In summary, the record reflects the parties did *not* agree that further settlement negotiations would be productive (and Bayer timely informed the plaintiff of its disagreement). Accordingly, the plaintiff was subject to the provisions of Section III of CMO 79 and was *not* subject to the negotiation provisions of Section II. Additionally, Bayer notified the plaintiff that her case was subject to the requirements of Section III. If the plaintiff objected to this categorization, she should have submitted the matter to Special Master Randi Ellis for resolution. Thus, the Court rejects the contention that the plaintiff was not required to comply with Section III of CMO 79.

There is no dispute that the plaintiff failed to comply with her obligations under Section III of CMO 79. Section III.5 of CMO 79 provides that any plaintiff failing to timely comply will be subject to a motion to dismiss with prejudice. In light of the plaintiff's failure to comply, and lack of good cause for noncompliance, the motion to dismiss with prejudice is **GRANTED**.

The claims of the above captioned plaintiff are **DISMISSED WITH**

**PREJUDICE**. Further, as all other plaintiffs were previously dismissed with prejudice (Doc. 10, 13 18), this matter closes the case and **the Court DIRECTS the Clerk to enter judgment.**

    **IT IS SO ORDERED.**

    Signed this 15th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.15 13:50:06 -05'00'

**United States District Judge**